UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

RICARDO MUNIZAGA and
ELVIAMELY MUNIZAGA,

Debtors.
_____/

Chapter 7

Case No. 14-13340-JKO

CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR
AN ORDER APPROVING INSURANCE CLAIM SETTLEMENT

> Pursuant to Local Rule 9013-1(D), any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.

KENNETH A. WELT, as Chapter 7 Trustee (the "Trustee"), for the estate of Ricardo Munizaga and Elviamely Munizaga (together, the "Debtors"), moves for entry of an Order pursuant to Fed. R. Bankr. P. 9019 (the "Motion") approving an insurance settlement agreement with Citizens Property Insurance Corp. ("Citizens").  In support, the Trustee states:

### I.     INTRODUCTION AND JURISDICTION

1. By this Motion, the Trustee respectfully requests an Order pursuant to Fed. R. Bankr. P. 9019 approving a settlement agreement with Citizens (the "Settlement").  The Settlement is for a lump sum payment of $20,000.00, which is already in the possession of the estate.

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b).  This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (M) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## II. BACKGROUND

### A. General Background

4. On February 12, 2014, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Kenneth A. Welt was thereafter appointed as the Debtors' Chapter 7 Trustee.

5. On April 2, 2014, the Trustee held and concluded the meeting of creditors pursuant to Section 341 of the Bankruptcy Code. The Trustee thereafter filed his Report of No Distribution, resulting in the discharge of the Debtor and the entry of a Final Decree and Discharge of the Trustee, and the Debtors' bankruptcy case was closed [ECF No. 42].

6. The Trustee subsequently became aware of the existence of an undisclosed and unadministered asset. Accordingly, on April 17, 2015, the Trustee filed a Motion to Reopen Case to Administer Additional Assets [ECF No. 43], and an Order Granting Motion to Reopen Case to Administer Additional Assets was entered on May 14, 2015 [ECF No. 48].

7. The Trustee was then reappointed as the Debtor's Chapter 7 Trustee [ECF No. 51].

### B. The Insurance Settlement

8. On or about August 30, 2011, the Debtors suffered loss, damage and expenses at their real property located at 2248 SW 125th Ave, Pembroke Pines, FL 33027.

9. The Debtors contacted their property insurer, Citizens, and initiated Claim No. 42083 under Policy Number FRJH5355999-01-000 with respect to the Debtors' insured losses.

10. On January 27, 2014, the Debtors filed a Complaint against Citizens regarding the insurance claim in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "State Court"), which was assigned Case No. CACE-14-001682 (the "State Court Proceedings").

11. On or about October 8, 2014, the Debtors purported to settle the State Court Proceedings with Citizens. Pursuant to the Settlement, Citizens agreed to make payment in the amount of $20,000 for settlement of all outstanding benefits owed and any and all attorneys fees and costs (the "Settlement Proceeds").

12. Due to concerns over competing claims to the Settlement Proceeds, including potential claims by the Debtors' attorneys and mortgagees, Citizens obtained an order of the State Court authorizing it to deposit the Settlement Proceeds into the registry of the State Court. Citizens deposited the Settlement Proceeds into the State Court registry on or about April 9, 2015.

13. On September 28, 2015, this Court entered its Order determining that the Settlement Proceeds are property of the estate, and directing the turnover of the Settlement Proceeds. *See* ECF No. 60. The Settlement Proceeds have since been delivered to the Trustee and are in the Trustee's possession.

14. However, the Trustee was not a party to the post-petition Settlement, which has never been approved by this Court pursuant to Fed. R. Bankr. P. 9019. The Trustee has now reviewed the underlying factual basis for the claim, and has determined that the Settlement is an appropriate and reasonable compromise which should be adopted by the estate and formally approved by the Court.

    C.    **The Insurance Claim**

15. Based on the Trustee's review of the underlying insurance claim, the Trustee believes that there is a substantial likelihood Citizens would have succeeded on the merits of its defense of the State Court Proceedings. For the purpose of demonstrating such likelihood, the following is a brief summary of the underlying facts pertaining to the insurance claim.

16. The claim process began when a public adjuster ("PA"), Allen Margado with Elite Claim Adjusters L.L.C., reported that the Debtors accidentally dropped a propane tank while carrying it through the home that resulted in damage to the ceramic tile floor in the kitchen / Florida room. Citizens' FA, Cynthia Raison, performed an inspection of the property on September 27, 2011. At inspection, Ms. Raison observed a single damaged ceramic tile on the floor of the kitchen / Florida room. Mr. Munizaga was present at this inspection and advised that there were no spare tiles for purposes of repairing the damaged tile.

17. Thereafter, on September 30, 2011, Miracle Tile was assigned to determine whether the damaged piece of tile could be repaired. Miracle Tile opined that it could successfully restore the damaged tile by performing an epoxy repair. In accordance with Miracle Tile's opinion, Citizens notified the Plaintiffs on September 30, 2011 of its election to repair the damaged tile to resolve the claim.

18. On October 19, 2011, Miracle Tile visited the property to complete the necessary tile repair. However, the repair process was not completed at that time because Mr. Munizaga advised he had to leave and that the technician needed to vacate the premises. On November 7, 2011, Miracle Tile returned to the home and successfully completed the tile epoxy.

19. On or about May 8, 2013, Mr. Munizaga sent correspondence to Citizens seeking to reopen the claim. According to Mr. Munizaga, the repair did not match the remaining tile as evidenced in photographs he submitted on his behalf. When probed as to why he waited so long to report the allegedly insufficient repair, Mr. Munizaga stated that he had simply forgotten about it. Mr. Munizaga further advised that he did not want to be inconvenienced with another repair and thus wanted the carrier to simply pay for replacement of the tile flooring rather than perform

a second repair. In response, Citizens assigned Miracle Tile to re-inspect the tile and assess the claim.

20. On May 20, 2013, Miracle Tile conducted a re-inspection of the loss. At this inspection, a color change was observed from the original with a piece of the top coat missing. There was also evidence of numerous parallel scratch / scrape lines through the repair. Miracle Tile opined that the observed color change was due to the application of some strong chemical, causing enlargement of the repair material. According to Miracle Tile, this type of reaction is not caused by a normal household floor cleaning product. Moreover, Miracle Tile opined that the top coating of the repaired tile was scraped, gouged and sanded because normal scratch lines will appear random, not straight, parallel or in the same direction as observed on the subject tile. Based upon this inspection, Miracle Tile concluded that the repair was intentionally softened by a strong chemical, then scraped and sanded to damage the completed repair.

21. On or about May 22, 2013, Citizens notified the Debtors of Miracle Tile's findings and denied the supplemental claim based upon the applicable policy exclusion for intentional loss. Notably, in response to this denial, Mr. Munizaga advised the FA that the damage to the repair was not intentional but rather the result of his children moving the couch around and over the repaired tile.

22. On November 20, 2013, a new PA, Moises Garcia, with Superior Insurance Claim Consultants, Inc., sought to re-open the claim once again on behalf of the Plaintiffs.

23. On December 18, 2013, Citizens again notified the Plaintiffs of its position to stand behind the May 2013 denial and thus the file would remain closed.

24. Ultimately, Citizens agreed to the settlement of the State Court Proceedings, but never admitted that the claim was covered. Instead, Citizens has maintained that the claim is barred under the intentional damage exclusion to the policy.

### III.     RELIEF REQUESTED AND BASIS THEREFOR

### The Settlement Should Be Approved Pursuant to Fed. R. Bankr. P. 9019

25. Bankruptcy Rule 9019(a) authorizes the Court, after notice and a hearing, to approve a compromise or settlement of a controversy. The approval or rejection of a compromise or settlement is left to the sound discretion of the bankruptcy court, which should approve the settlement when it is fair and equitable and in the best interests of the estate. In re Kay, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998). There is a general policy that encourages settlements and favors compromises. In re Bicoastal Corp., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (recognizing that the law favors compromise of disputes); see also Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996); Florida Trailer and Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. In re Holywell Corp., 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988).

26. Courts have relied on a number of factors in determining whether to approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a). These factors include the following: (a) the probability of success in the litigation; (b) difficulties, if any, to be encountered in matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets); and (d) the paramount interests of the creditors and a proper deference to their reasonable views. In re Justice Oaks, II, Ltd., 898 F.2d. 1544, 1549 (11th Cir. 1990), *cert. denied sub nom.*, Wallace v. Justice Oaks, II, Ltd., 498 U.S.

959 (1990); <u>Kay</u>, 223 B.R. at 820; <u>see also</u> <u>9 Collier on Bankruptcy</u> ¶ 019.03[1] (15th ed. 1993) (noting that the settlement process "requires a bankruptcy judge to assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal").

27.     The Trustee respectfully submits that application of the <u>Justice Oaks</u> factors to the facts here establishes that the Settlement clearly warrants approval pursuant to Bankruptcy Rule 9019(a).

28.     First, it appears that there is a substantial likelihood that the Debtors would not have prevailed in the State Court Proceedings. Citizens' explanations for its denial of coverage are reasonable based on the facts presented to the Trustee. Moreover, Citizens had previously repaired the tile and, by the Debtor's own admission, any additional damage was caused by the intentional moving of furniture over the repaired tile. As a result, there is a reasonable probability that the actual recovery for the Debtors in the State Court Proceedings would have been $0.00, and therefore the proposed settlement of $20,000 is well within the range of reasonableness.

29.     Second, the litigation of the underlying claim would have been unusually difficult due to the passage of time from the date of loss. Moreover, the litigation would have been made more difficult and complex by the substitution of the Trustee as plaintiff.

30.     Finally, the Trustee believes that the paramount interests of creditors are served by approving the Settlement and formally approving the Trustee's retention of the funds already within the estate. It is unlikely that any benefit would be achieved by the Trustee rejecting the Settlement, returning the Settlement Proceeds, and starting anew. Instead, the interests of

creditors are served by the Settlement being approved and this estate being efficiently administered.

31.   For all these reasons and authorities, the Trustee respectfully submits that the standards established by Justice Oaks have been satisfied, that the terms of the Settlement are fair and equitable, and that the Settlement should be approved.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit A** (i) granting this Motion and approving the Settlement and (ii) granting such other and further relief as this Court deems just and proper.

Dated: January 21, 2016.

        Respectfully Submitted,

        GENOVESE JOBLOVE & BATTISTA, P.A.
        100 Southeast Second Street, Suite 4400
        Miami, Florida 33131
        Telephone: (305) 349-2300
        Facsimile : (305) 349-2310

        By:   /s/ Michael L. Schuster
            Michael L. Schuster, Esq.
            Florida Bar No. 57119
            mschuster@gjb-law.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 21, 2016, the foregoing document and Exhibit A thereto were served via CM/ECF or US Mail, postage pre-paid as indicated on the below service list.

        /s/ _Michael L. Schuster
            Michael L. Schuster

## **SERVICE LIST**

**Via CM/ECF**
**14-13340-JKO Notice will be electronically mailed to:**

Stefan Beuge, Esq. on behalf of Creditor CitiMortgage Inc., successor by merger to ABN Amro Mortgage Group, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Stefan Beuge, Esq. on behalf of Creditor CitiMortgage, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Ali I Gilson on behalf of Creditor CitiMortgage, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Glenn D Moses, Esq on behalf of Trustee Kenneth A Welt
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robert Sanchez, Esq on behalf of Debtor Ricardo Munizaga
court@bankruptcyclinic.com, courtECFmail@gmail.com

Robert Sanchez, Esq on behalf of Joint Debtor Elviamely Munizaga
court@bankruptcyclinic.com, courtECFmail@gmail.com

Michael L Schuster on behalf of Trustee Kenneth A Welt
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com;scomer@gjb-law.com;ekelly@gjb-law.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

**And All Parties Listed on the Creditor Mailing Matrix Attached Hereto**

```
Label Matrix for local noticing        CitiMortgage Inc., successor by merger to AB   CitiMortgage, Inc.
113C-0                                  c/o Stefan Beuge, Esq.                         c/o Jourdn D'Arlee Neal
Case 14-13340-JKO                       2727  W Cypress Creek Road                     6 Nashua Court, Suite D
Southern District of Florida            Fort Lauderdale, FL 33309-1721                 Baltimore, MD 21221-3124
Fort Lauderdale
Thu Jan 21 09:53:16 EST 2016

Abn Amro Mortgage Grou                  (p)AMERICAN HONDA FINANCE                      Amex
Po Box 9438                             P O BOX 168088                                 P.O. Box 297871
Gaithersburg, MD 20898-9438             IRVING TX 75016-8088                           Fort Lauderdale, FL 33329-7871


(p)BANK OF AMERICA                      Bank Of America, N.A.                          Bank of America
PO BOX 982238                           201 N Tryon St                                 c/o Blank Rome LLP
EL PASO TX 79998-2238                   Charlotte, NC 28202-1331                       Monika Siwiec, Esq.
                                                                                       1200 N Federal Highway #312
                                                                                       Boca Raton, FL 33432-2846

Bank of America                         Barclays Bank Delaware                         Chase
c/o Drew Eckl & Farnham, LLP            125 S West St                                  Po Box 15298
POB 7600                                Wilmington, DE 19801-5014                      Wilmington, DE 19850-5298
Atlanta, GA 30357-0600


Chase                                   Citimortgage Inc                               Citimortgage, Inc.
Po Box 24696                            Po Box 9438                                    c/o Phelan Hallinan PLC
Columbus, OH 43224-0696                 Gaithersburg, MD 20898-9438                    2727 W Cypress Creek Road
                                                                                       Fort Lauderdale, FL 33309-1721


Credit Management Lp                    Discover Fin Svcs Llc                          Diversified Consultant
4200 International Pkwy                 Po Box 15316                                   10550 Deerwood Park Blvd
Carrollton, TX 75007-1912               Wilmington, DE 19850-5316                      Jacksonville, FL 32256-0596


Drew Eckl & Farnham, LLP                Gecrb/Brandsmart                                Gecrb/City Furniture
POB 7600                                Po Box 981439                                   Po Box 981439
Atlanta, GA 30357-0600                  El Paso, TX 79998-1439                          El Paso, TX 79998-1439


Gecrb/Jcp                               Hsbc/Bsbuy                                     I C System Inc
Po Box 984100                           Po Box 5253                                    Po Box 64378
El Paso, TX 79998                       Carol Stream, IL 60197-5253                    Saint Paul, MN 55164-0378


Mcydsnb                                 Melrose Homes II at Monarch Lakes HOA          Monarch Lakes Property Owners Assoc
9111 Duke Blvd                          c/o The Frydman Law Group, PLLC                c/o Becker & Poliakoff, P.A.
Mason, OH 45040-8999                    100 S Pine Island Road                         3111 Stirling Road
                                        Suite 120                                      Fort Lauderdale, FL 33312-6566
                                        Plantation, FL 33324-2675


Netbnki/Sst                             Office of the US Trustee                       Rbs Citizens Na
4315 Pickett Rd                         51 S.W. 1st Ave.                               1000 Lafayette Blvd
Saint Joseph, MO 64503-1600             Suite 1204                                     Bridgeport, CT 06604-4725
                                        Miami, FL 33130-1614
```

| | | |
|---|---|---|
| Sallie Mae<br>1002 Arthur Drive  Po#  Smi-0000013<br>Lynn Haven, FL 32444-1683 | (p)TROPICAL FINANCIAL CREDIT UNION<br>3050 CORPORATE WAY<br>MIRAMAR FL 33025-6548 | VW Credit Inc<br>1401 Franklin Blvd<br>Libertyville, IL 60048-4460 |
| Wells Fargo Bank<br>711 W Broadway Rd<br>Tempe, AZ 85282-1218 | World Omni<br>Po Box 91614<br>Mobile, AL 36691-1614 | Elviamely Munizaga<br>2248 SW 125th Avenue<br>Miramar, FL 33027-2635 |
| Kenneth A Welt<br>1776 N. Pine Island Rd #101<br>Plantation, FL 33322-5200 | Ricardo Munizaga<br>2248 SW 125th Avenue<br>Miramar, FL 33027-2635 | Robert Sanchez Esq<br>355 W 49 St.<br>Hialeah, FL 33012-3715 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| American Honda Finance<br>Po Box 1027<br>Alpharetta, GA 30009 | Bank Of America<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410 | (d)Bank Of America<br>Po Box 982235<br>El Paso, TX 79998 |
| Tropical Financial Cu<br>3050 Corporate Way<br>Miramar, FL 33025 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Amex<br>Po Box 297871<br>Fort Lauderdale, FL 33329-7871 | End of Label Matrix<br>Mailable recipients    38<br>Bypassed recipients     1<br>Total                  39 |

## **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

                                               Chapter 7

RICARDO MUNIZAGA and
ELVIAMELY MUNIZAGA,                      Case No. 14-13340-JKO

       Debtors.
_____/

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR AN ORDER APPROVING INSURANCE CLAIM SETTLEMENT**

THIS MATTER having come before the Court upon the Motion [ECF No. __] (the "Motion") by Trustee, Kenneth A. Welt (the "Trustee"), for entry of an Order pursuant to Fed. R. Bankr. P. 9019 approving a an insurance settlement agreement (the "Settlement") with Citizens Property Insurance Corp. ("Citizens"); and it appearing that good and sufficient notice of the Motion has been provided to all parties-in-interest as evidenced by the Certificate of Service annexed to the Motion and filed with the Court; and the Court, having considered the Motion and the record in this case; having considered all relevant factors, including, but not limited to, (a)

the probability of success in the litigation; (b) difficulties, if any, to be encountered in matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets); and (d) the paramount interests of the creditors and a proper deference to their reasonable views; and having determined that the relief requested in the Motion is in the best interests of the Debtor's estate; and other good cause having been shown,

IT IS ORDERED that pursuant to Fed. R. Bankr. P. 9019, the Motion is GRANTED and the Settlement is APPROVED in all respects.

###

Submitted by:
Michael L. Schuster, Esq.
Genovese Joblove & Battista, P.A.
Miami Tower
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Tel. (305) 349-2300
Fax (305) 349-2310
E-mail:  mschuster@gjb-law.com

(Attorney Schuster shall serve a copy of this Order upon interested parties)