**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

IN RE:

                CASE NO. 14-13340-BKC-JKO

RICARDO MUNIZIGA and       CHAPTER 7
ELVIAMELY MUNIZAGA

      Debtors.
_____/

**SECURED CREDITOR, THE MORGAN LAW GROUP, P.A.'S**
**RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM 1-1 [ECF #75]**

Secured Creditor, The Morgan Law Group, P.A. ("Morgan" or "Creditor"), by and through the undersigned counsel, files this Response (the "Response") to *Trustee's Objection to Claim 1-1* (the "Objection") [ECF #75] filed by Trustee Kenneth A. Welt (the "Trustee"). In support of its Response, Morgan states as follows:

**BACKGROUND**

**The Property Insurance Claim and Lawsuit**

1. On or about August 30, 2011, Ricardo Munizaga and Elviamely Munizaga (collectively, the "Debtors") suffered a loss and injury (the "Injury"), which was caused by a fallen object at their real property, located at 2248 SW 125th Avenue, Miramar, FL 33027 (the "Property).

2. On December 12, 2013, the Debtors retained Morgan to represent them in regards to an insurance claim against Citizens Property Insurance Corporation ("Citizens) arising from the Injury. A copy of the Retainer for Authorization to Represent (the "Retention Agreement") is attached hereto as **Exhibit "A"**.

3. According to the terms of the Retention Agreement, Morgan would be entitled to "30% of any recovery made if any legal proceedings are initiated." Further, Morgan would be

entitled to "[a]ny costs or expenses incurred on behalf of the client shall be deducted from the new proceeds of any recovery, after deduction of attorney's fees…".

4. On January 27, 2014, Morgan, on behalf of the Debtors, filed a Complaint against Citizens regarding the insurance claim in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "State Court"), which was assigned Case No. CACE-14-001682, and styled as *Ricardo Munizaga, et al vs. Citizens Property Insurance Corporation* (the "State Court Proceedings").

## The Bankruptcy Case

5. On February 12, 2014 (the "Petition Date") the Debtors commenced the above-captioned bankruptcy case, and Kenneth A. Welt was appointed the Chapter 7 Trustee.

6. The Section 341 Meeting of Creditors ("341 Meeting") was held and concluded on April 2, 2014. The Trustee thereafter filed a Report of No Distribution, resulting in the discharge of the Debtors and the entry of a Final Decree and Discharge of the Trustee, and the Debtors' bankruptcy case was closed [ECF #42].

## The Settlement and the Bankruptcy Case

7. On October 8, 2014, the Debtors, by and through Morgan, settled the State Court Proceedings with Citizens. Pursuant to the terms of the settlement, Citizens agreed to make payments in the amount of $20,000.00 (the "Settlement Proceeds") to settle all outstanding benefits owed and any and all attorneys' fees and costs (the "Settlement Agreement"). As part of the Settlement Agreement, Citizens was to have issued two (2) payments: one (1) payment in the amount of $13,000.00 payable to Ricardo and Elviamely Munizaga, Superior Insurance Claim Consultants, Inc,, The Morgan Law Group, and CitiGroup Isaoa Atima; one (1) payment in the amount of $7,000.00 payable to The Morgan Law Group and Ricardo and Elviamely Munizaga

for attorneys' fees and costs. A copy of the Settlement Agreement is attached to this Response as **Exhibit "B"**.

8. At no point during its representation of the Debtors through the settlement of the State Court Proceedings was Morgan aware that the Debtors had filed for bankruptcy. It was not until after the settlement was completed that Morgan became aware of the Debtors' bankruptcy filing.

9. On April 17, 2015, after becoming aware of the Settlement, the Trustee filed his *Motion to Reopen Case to Administer Additional Assets* [ECF # 43], which was granted on May 14, 2015 [ECF # 48].

10. On August 20, 2015, the Trustee filed his *Unopposed Motion for Order (I Determining that Certain Insurance Settlement Funds Are Property of the Estate and (II) Directing Turnover of Insurance Settlement Funds* (the "Motion for Turnover") [ECF # 57].

11. Paragraph 12 of the Motion for Turnover states that "[t]he Trustee understands and acknowledges that certain third parties may assert claims against the Settlement Proceeds, including potential claims of lien by attorneys for the Debtors or bank to which the Debtors have granted mortgages on the underlying real property giving rise to the insurance claim."

12. Paragraph 13 of the Motion for Turnover states that "[a]fter the Trustee is in possession of the Settlement Proceeds, a claims bar date will be set, and all parties in interest will be given the opportunity to asset claims."

13. The Motion for Turnover also lists Morgan in the Certificate of Service of same, evidencing the Trustee's awareness of Morgan's claim over the Settlement Proceeds.

14. The Motion for Turnover was granted by the Court on September 28, 2015 (the "Turnover Order") [ECF # 60].

15. On October 26, 2015, the Court entered an *Order Setting Deadline to File Claims in Case Reopened to Administer Assets* (the "Claims Deadline Order") [ECF # 63] setting the deadline to file claims as January 25, 2016 (the "Claims Bar Date").

16. On January 25, 2016, in accordance with the Turnover Order and Claims Deadline Order, Morgan filed its secured claim, Claim 1-1, asserting its secured interest in the Settlement Funds in the amount of $7,000.00 (as stated in the Settlement Agreement), and in support of the same, attached a copy its Retention Agreement and the Settlement Agreement as its proof of entitlement to same.

17. Only two (2) claims were filed against the bankruptcy estate, Claim 1-1 which is Morgan's claim for $7,000.00 and Claim 2-1 filed by Superior Insurance Claim Consultants, Inc. ("Superior") in the amount of $2,600.00. Superior is the retained expert in the State Court Proceeding on behalf of the Debtors and entitled to its fees separate and apart from the $7,000.00 attorneys' fees and costs due to Morgan.

18. On April 26, 2016, the Trustee filed the Objection, alleging that Morgan "failed to perfect any security interest in the insurance proceeds prior to the commencement of the bankruptcy case on February 12, 2014. Therefore, the trustee is requesting that the status of the claim be changed from "secured" to general unsecured" allowed in the amount of $7,000.00."

## **RESPONSE TO OBJECTION TO CLAIM**

### **§ 541 Property of the Estate**

19. 11 U.S.C. § 541(a)(1) defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case.

20. As of commencement of the bankruptcy case, pursuant to the Retention Agreement, the Debtors were only entitled to any recovery from the Settlement of the State Court Proceedings

after Morgan receive its 30% contingency fee plus costs. Accordingly, the bankruptcy estate is only entitled to the **net** funds from the Settlement: funds calculated **after** Morgan receives its 30% contingency fee plus costs. As stated in the Settlement Agreement, Morgan is entitled to $7,000.00.

### Morgan is Secured Because of its Charging Lien

21. Assuming arguendo that the entire gross recovery received from the Settlement is property of the bankruptcy estate, Morgan is secured in the Settlement proceeds because of its Charging Lien.

22. To establish and assert a valid charging lien, four requirements must be met. *Law Office of David H. Zoberg, P.A. v. Rosen*, 684 So. 2d 828, 829 (Fla. 3d DCA, 1996) (the "Charging Lien Requirements"). Those requirements are:

"(1) an express or implied contract between attorney and client;

(2) an express or implied understanding for payment of attorney's fees out of the recovery;

(3) either an avoidance of payment or a dispute as to the amount of fees; and

(4) timely Notice of Charging Lien." *Id.*

23. Morgan has met all the requirements for a valid charging lien. The Retention Agreement is an express contract between attorney and client as well as an express understanding for payment of attorney's fees out of the recovery. The Trustee's Objection to Claim serves as the avoidance of payment or dispute as to the amount of fees. Morgan's Proof of Claim is the timely Notice of Charging Lien.

24. Given that Morgan has met all the requirements for a charging lien, it holds a charging lien of $7,000.00 in the Settlement proceeds currently being held by the Trustee, and those funds should be paid to Morgan prior to any other disbursements being made to any parties

within the bankruptcy case.

## CONCLUSION

25. Based on the foregoing, Morgan requests the Court overrule the Trustee's Objection to Claim, determine that the estate's interest in the Settlement Funds does not include Morgan's 30% contingency fee plus costs, or in the alternative, that Morgan has a valid charging lien and is entitled to a distribution of $7,000.00 to be paid prior to any other disbursements to any other parties, including the Trustee and Trustee's professionals.

WHEREFORE, the Secured Creditor, The Morgan Law Group, P.A, respectfully requests the honorable Court enter an order (a) overruling the Objection; (b) determining that the estate's interest in the Settlement Funds does not include Morgan's 30% contingency fee plus costs, or in the alternative, determining that Morgan holds a first priority charging lien in the Settlement Proceeds; (c) directing the Trustee to disburse to Morgan $7,000.00 prior to any other disbursements to any other parties; and (d) granting such other relief as this Court deems appropriate under the circumstances.

Dated: May 26, 2016                     Respectfully submitted,

**ALEXANDER + SOMODEVILLA, PLLC**
*Counsel to Creditor The Morgan Law Group, P.A.*
One Biscayne Tower
2 S. Biscayne Boulevard, Suite 2300
Miami, FL 33131
T: (305) 894-6163
F: (305) 503-9447

*/s/ Christian Somodevilla*
CHRISTIAN SOMODEVILLA, ESQ.
FLORIDA BAR NO.: 59539
csomodevilla@aslawpllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Response to Trustee's Objection to Claim* was served on May 26, 2016 by Notice of Electronic Filing to all parties and counsel registered with the CM/ECF system, as listed on the attached Service List.

By: */s/ Christian Somodevilla*
CHRISTIAN SOMODEVILLA, ESQ.

## **SERVICE LIST**

**14-13340-JKO Notice will be electronically mailed to:**

Stefan Beuge, Esq. on behalf of Creditor CitiMortgage Inc., successor by merger to ABN Amro Mortgage Group, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Stefan Beuge, Esq. on behalf of Creditor CitiMortgage, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Ali I Gilson on behalf of Creditor CitiMortgage, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Glenn D Moses, Esq on behalf of Trustee Kenneth A Welt
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robert Sanchez, Esq on behalf of Debtor Ricardo Munizaga
court@bankruptcyclinic.com, courtECFmail@gmail.com

Robert Sanchez, Esq on behalf of Joint Debtor Elviamely Munizaga
court@bankruptcyclinic.com, courtECFmail@gmail.com

Michael L Schuster on behalf of Trustee Kenneth A Welt
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com;scomer@gjb-law.com;ekelly@gjb-law.com

Christian Somodevilla on behalf of Creditor Superior Insurnace Claim Consultants, Inc.
csomodevilla@aslawpllc.com, info@aslawpllc.com;aslawpllc@ecf.inforuptcy.com

Christian Somodevilla on behalf of Creditor The Morgan Law Group, P.A.
csomodevilla@aslawpllc.com, info@aslawpllc.com;aslawpllc@ecf.inforuptcy.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

**EXHIBIT "A"**

# MORGAN LAW GROUP, P.A.
## RETAINER FOR AUTHORIZATION TO REPRESENT

I/WE, **RICARDO MUNIZAGA**, the undersigned client, does hereby retain and employ the firm of **THE MORGAN LAW GROUP, P.A.**, as my/our counsel to represent me/us in regards to an insurance claim against **CITIZENS PROPERTY INSURANCE CORPORATION**, or any other person, firm or corporation liable therefore, resulting from an incident that occurred on or about **AUGUST 30, 2011** [Type of Loss: FALLEN OBJECT ]; specifically as to the property located at: Address: **2248 SW 125TH AVENUE, MIRAMAR, FL 33027**.

**I. Attorney Fees:** As compensation for their services, I agree to pay my said attorneys from the proceeds of recovery the following fee:

   a) 10% of any recovery made prior to litigation, arbitration or any other legal process;

   b) 30% of any recovery made if any legal proceedings are initiated.  If there is a recovery of court awarded fees, whether by contract or statute, the fee shall be either the percentage set forth above or the awarded amount, whichever is greater.

   c) This employment is based upon a contingent fee basis, and *if no recovery is made, no attorney fees shall be owed*.

   d) There shall be a set fee of $50.00 added to the costs in order to cover the office expenses associated with setting up of an initial file on behalf of the Client.

   e) Client authorizes attorneys to file a lawsuit if the claim is denied, rejected or underpaid by the insurance carrier. It shall be attorney's determination as to whether litigation should be initiated in the best interest of the Client.

   f) Client understands and acknowledges that the MORGAN LAW GROUP, P.A. will be working on this matter in conjunction with the loss consulting group retained by the Client; specifically: **SUPERIOR INSURANCE CLAIM CONSULTANTS, INC.**  That the associated costs/expenses for any work performed by the consulting/estimating group shall be considered done in the capacity as a retained expert on behalf of the Client and will be billed in addition to any attorney's fees owed accordingly.

**II. Expenses:** Any costs or expenses incurred on behalf of the client shall be deducted from the net proceeds of any recovery, after deduction of attorney's fees per this agreement.  That these costs include the retention of any reasonably necessary experts, consultants or other witnesses; this specifically incorporates the services of any named consulting/estimating group.

**III. Power of Attorney:** Client hereby fully authorizes MORGAN LAW GROUP, P.A. to resolve this

matter, within its discretion, and to pay out of the proceeds of any recovery, which is the subject of this contract, all unpaid costs, liens and other fees which would be due and owing. I/We authorize the attorney to endorse any settlement check on my/our behalf and to deposit the funds into the firm's trust account to be disbursed accordingly. **Initials:** __RM__

**IV. Termination:** This contract may be cancelled by written notification to the attorney(s) at any time within three (3) business days of the date the contract was signed, as shown below, and if cancelled, the client(s) shall not be obligated to pay any fees to the attorney(s) for the work performed during the that time. If the attorney(s) have advanced funds to others in representation of the client(s), the attorney(s) are entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the client(s). That if any dispute arises under the terms of this contract, venue for any legal action shall be exclusively within Miami-Dade County, Florida. Further, the prevailing party shall be entitled to recovery of reasonable attorney fees and costs associated with bringing any action.

The undersigned client has, before signing this contract, received and read The Statement Of Client's Rights, and understands each of the rights set forth therein. The undersigned client has signed the statement and received a copy to keep to refer to while being represented by the undersigned attorney(s).

**DATED** at Miami-Dade County, Florida this __12__ day of __DECEMBER__, 2013.

SIGNED AND ACCEPTED:

_Ricardo Munizaga_
Client: RICARDO MUNIZAGA

                        **MORGAN LAW GROUP, P.A.**
                        55 Merrick Way, Suite 404
                        Coral Gables, Florida 33134
                        Phone: (305) 569-9900
                        Fax    : (305) 443-6828

By: _____
       Thomas J. Morgan, Jr., Esquire

**EXHIBIT "B"**

## Erick Trivedi

**From:** Erick Trivedi
**Sent:** Wednesday, October 8, 2014 5:38 PM
**To:** 'Krista Elsasser'
**Cc:** Kathy Suarez
**Subject:** RE: Munizaga v. Citizens

Dear Ms. Elsasser:

This is to confirm the resolution of the above matter on October 8, 2014, with you. As per the settlement, please have the documents and drafts issued to indicate the payees as follows:

CLAIM {420383}: $13,000.00 payable RICARDO AND ELVLAMELY MUNIZAGA and SUPERIOR INSURANCE CLAIM CONSULTANTS, INC and The Morgan Law Group and CITIGROUP ISAOA ATIMA and $7,000.00 payable to The Morgan Law Group and RICARDO AND ELVLAMELY MUNIZAGA for attorneys' fees and costs associated with the matter.

For your records, our firm's tax identification number is: #26-4391597.

Thank you for your prompt attention to this matter. If you have any questions, or wish to discuss this matter further, please feel free to contact our office. I have copied Kathy Suarez for on this for your convenience.

Regards,
Erick Trivedi
Erick Trivedi, Esq.
**THE MORGAN LAW GROUP, P.A.**
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Ph: 305.569.9900
Fx: 305.443.6828

1