UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

                                                                CASE NO. 14-13340-BKC-JKO

RICARDO MUNIZIGA and                     CHAPTER 7
ELVIAMELY MUNIZAGA

                   Debtors.
_____/

**SECURED CREDITOR, SUPERIOR INSURANCE CLAIM CONSULTANTS, INC'S
RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM 2-1 [ECF #76]**

      Secured Creditor, Superior Insurance Claim Consultants, Inc. ("Superior" or "Creditor"), by and through the undersigned counsel, files this Response (the "Response") to *Trustee's Objection to Claim 2-1* (the "Objection") [ECF #76] filed by Trustee Kenneth A. Welt (the "Trustee"). In support of its Response, Superior states as follows:

**BACKGROUND**

**The Property Insurance Claim and Lawsuit**

      1.     On or about August 30, 2011, Ricardo Munizaga and Elviamely Munizaga (collectively, the "Debtors") suffered a loss and injury (the "Injury"), which was caused by a fallen object at their real property, located at 2248 SW 125th Avenue, Miramar, FL 33027 (the "Property).

      2.     On November 16, 2013, the Debtors employed Superior to represent them as an assistant and advisor in the adjustment of an insurance claim against Citizens Property Insurance Corporation ("Citizens) arising from the Injury. A copy of the Contract for Representation (the "Representation Agreement") is attached hereto as **Exhibit "A"**.

      3.     According to the terms of the Representation Agreement, Superior would be entitled to "a contingency fee of 20% of any new monies received upon retention." Further,

Superior would be entitled to "a security interest in the insurance policy referred to herein and the proceeds there from. The policyholder hereby directs the insurance company to include Superior Insurance Claim Consultants, Inc. as an additional payee on any and all insurance settlement drafts, and to comply with the payment instructions set-forth herein…"

4. On January 27, 2014, the Debtors, filed a Complaint against Citizens regarding the insurance claim in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "State Court"), which was assigned Case No. CACE-14-001682, and styled as *Ricardo Munizaga, et al vs. Citizens Property Insurance Corporation* (the "State Court Proceedings").

### The Bankruptcy Case

5. On February 12, 2014 (the "Petition Date") the Debtors commenced the above-captioned bankruptcy case, and Kenneth A. Welt was appointed the Chapter 7 Trustee.

6. The Section 341 Meeting of Creditors ("341 Meeting") was held and concluded on April 2, 2014. The Trustee thereafter filed a Report of No Distribution, resulting in the discharge of the Debtors and the entry of a Final Decree and Discharge of the Trustee, and the Debtors' bankruptcy case was closed [ECF #42].

### The Settlement and the Bankruptcy Case

7. On October 8, 2014, the Debtors, by and through Morgan, settled the State Court Proceedings with Citizens. Pursuant to the terms of the settlement, Citizens agreed to make payments in the amount of $20,000.00 (the "Settlement Proceeds") to settle all outstanding benefits owed and any and all attorneys' fees and costs (the "Settlement Agreement"). As part of the Settlement Agreement, Citizens was to have issued two (2) payments: one (1) payment in the amount of $13,000.00 payable to Ricardo and Elviamely Munizaga, Superior Insurance Claim Consultants, Inc., The Morgan Law Group, and CitiGroup Isaoa Atima; one (1) payment in the

amount of $7,000.00 payable to The Morgan Law Group and Ricardo and Elviamely Munizaga for attorneys' fees and costs. A copy of the Settlement Agreement is attached to this Response as **Exhibit "B"**.

8. At no point during its representation of the Debtors through the settlement of the State Court Proceedings was Superior aware that the Debtors had filed for bankruptcy. It was not until after the settlement was completed that Superior became aware of the Debtors' bankruptcy filing.

9. On April 17, 2015, after becoming aware of the Settlement, the Trustee filed his *Motion to Reopen Case to Administer Additional Assets* [ECF # 43], which was granted on May 14, 2015 [ECF # 48].

10. On August 20, 2015, the Trustee filed his *Unopposed Motion for Order (I Determining that Certain Insurance Settlement Funds Are Property of the Estate and (II) Directing Turnover of Insurance Settlement Funds* (the "Motion for Turnover") [ECF # 57].

11. Paragraph 12 of the Motion for Turnover states that "[t]he Trustee understands and acknowledges that certain third parties may assert claims against the Settlement Proceeds, including potential claims of lien by attorneys for the Debtors or bank to which the Debtors have granted mortgages on the underlying real property giving rise to the insurance claim."

12. Paragraph 13 of the Motion for Turnover states that "[a]fter the Trustee is in possession of the Settlement Proceeds, a claims bar date will be set, and all parties in interest will be given the opportunity to asset claims."

13. The Motion for Turnover also lists Superior in the Certificate of Service of same, evidencing the Trustee's awareness of Superior's claim over the Settlement Proceeds.

14. The Motion for Turnover was granted by the Court on September 28, 2015 (the

"Turnover Order") [ECF # 60].

15. On October 26, 2015, the Court entered an *Order Setting Deadline to File Claims in Case Reopened to Administer Assets* (the "Claims Deadline Order") [ECF # 63] setting the deadline to file claims as January 25, 2016 (the "Claims Bar Date").

16. On January 25, 2016, in accordance with the Turnover Order and Claims Deadline Order, Superior filed its secured claim, Claim 2-1, asserting its secured interest in the Settlement Funds in the amount of $2,600.00 (20% of the $13,000.00 from the Settlement Agreement), and in support of the same, attached a copy its Retention Agreement and the Settlement Agreement as its proof of entitlement to same.

17. Only two (2) claims were filed against the bankruptcy estate, Claim 2-1 which is Superior's claim for $2,600.00, and Claim 1-1 filed by The Morgan Law Group, P.A. ("Morgan") in the amount of $7,000.00. Morgan is the Debtors' legal counsel in the State Court Proceeding and entitled to its fees separate and apart from the $2,600.00 in fees that are due to Superior.

18. On April 26, 2016, the Trustee filed the Objection, alleging that Morgan "failed to perfect any security interest in the insurance proceeds prior to the commencement of the bankruptcy case on February 12, 2014. Therefore, the trustee is requesting that the status of the claim be changed from "secured" to general unsecured" allowed in the amount of $2,600.00."

## RESPONSE TO OBJECTION TO CLAIM

### § 541 Property of the Estate

19. 11 U.S.C. §541(a)(1) defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case.

20. As of commencement of the bankruptcy case, pursuant to the Representation Agreement, the Debtors were only entitled to any recovery from the Settlement of the State Court

Proceedings after Superior receive its 20% contingency fee. Accordingly, the bankruptcy estate is only entitled to the **net** funds from the Settlement: funds calculated **after** Superior receives its 20% contingency fee. As such, Superior is entitled to $2,600.00.

### Superior is Secured Because of its Secured Interest in Settlement Proceeds

21.     Assuming arguendo that the entire gross recovery received from the Settlement is property of the bankruptcy estate, Superior is secured in the Settlement Proceeds because of the secured interest granted by the Debtors in the Representation Agreement prior to the Petition Date.

22.     As previously quoted from the Representation Agreement above (attached to this Response as Exhibit A), in exchange for Superior's representation of the Debtors in the filing of the claim against Citizens, the Debtors assigned to Superior a security interest in the insurance policy and directed Citizens to include Superior as an additional payee on any and all settlements.

23.     Accordingly, Superior was included as an additional payee in the Settlement Agreement and is entitled to 20% of the $13,000.00 payment issued by Citizens, which equates to the $2,600.00 amount listed in Superior's Proof of Claim.

24.     Given that prior to the Petition Date, the Debtor's assigned Superior a security interest of 20% of the Settlement Proceeds currently being held by the Trustee, those funds should be paid to Superior prior to any other disbursements being made to any parties within the bankruptcy case.

### CONCLUSION

25.     Based on the foregoing, Superior requests the Court overrule the Trustee's Objection to Claim, determine that the estate's interest in the Settlement Funds does not include Superior's 20% contingency fee, or in the alternative, that Superior has a valid security interest and is entitled to a distribution of $2,600.00 to be paid prior to any other disbursements to any

other parties, including the Trustee and Trustee's professionals.

WHEREFORE, the Secured Creditor, Superior Insurance Claim Consultants, Inc. respectfully requests the honorable Court enter an order (a) overruling the Objection; (b) determining that the estate's interest in the Settlement Funds does not include Superior's 20% contingency fee, or in the alternative, determining that Superior holds a perfected lien in the Settlement Proceeds; (c) directing the Trustee to disburse to Superior $2,600.00 prior to any other disbursements to any other parties; and (d) granting such other relief as this Court deems appropriate under the circumstances.

Dated: May 26, 2016	Respectfully submitted,

**ALEXANDER + SOMODEVILLA, PLLC**
*Counsel to Creditor Superior Insurance Claim Consultants, Inc.*
One Biscayne Tower
2 S. Biscayne Boulevard, Suite 2300
Miami, FL 33131
T: (305) 894-6163
F: (305) 503-9447

*/s/ Christian Somodevilla*
CHRISTIAN SOMODEVILLA, ESQ.
FLORIDA BAR NO.: 59539
csomodevilla@aslawpllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Response to Trustee's Objection to Claim* was served on May 26, 2016 by Notice of Electronic Filing to all parties and counsel registered with the CM/ECF system, as listed on the attached Service List.

        By: */s/ Christian Somodevilla*
        CHRISTIAN SOMODEVILLA, ESQ.

## SERVICE LIST

**14-13340-JKO Notice will be electronically mailed to:**

Stefan Beuge, Esq. on behalf of Creditor CitiMortgage Inc., successor by merger to ABN Amro Mortgage Group, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Stefan Beuge, Esq. on behalf of Creditor CitiMortgage, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Ali I Gilson on behalf of Creditor CitiMortgage, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Glenn D Moses, Esq on behalf of Trustee Kenneth A Welt
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robert Sanchez, Esq on behalf of Debtor Ricardo Munizaga
court@bankruptcyclinic.com, courtECFmail@gmail.com

Robert Sanchez, Esq on behalf of Joint Debtor Elviamely Munizaga
court@bankruptcyclinic.com, courtECFmail@gmail.com

Michael L Schuster on behalf of Trustee Kenneth A Welt
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com;scomer@gjb-law.com;ekelly@gjb-law.com

Christian Somodevilla on behalf of Creditor Superior Insurnace Claim Consultants, Inc.
csomodevilla@aslawpllc.com, info@aslawpllc.com;aslawpllc@ecf.inforuptcy.com

Christian Somodevilla on behalf of Creditor The Morgan Law Group, P.A.
csomodevilla@aslawpllc.com, info@aslawpllc.com;aslawpllc@ecf.inforuptcy.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

**EXHIBIT "A"**

**Superior Insurance Claim Consultants, Inc.**

2124 N.E. 123rd Street, Suite 204
North Miami, Florida 33181

Phone: (305) 944-0707
Fax:  (305) 945-2610
Email: Claims@superiorinsclaims.com

**Public Adjuster:** Moises Garcia

**Adjuster License No.:** E158218

## CONTRACT FOR REPRESENTATION

I/We __Ricardo Munizaga__, the undersigned property owner/insured hereinafter called the Client hereby retain and employ Superior Insurance Claim Consultants, Inc. (S.I.C.C.) to be my agent and representative to assist and advise in the adjustment of the insurance claim for the loss regarding the following:

Insurance Company: __Citizens__    Policy Number: __FRVH5355999__
Property Address: __2248 SW 125 AV Miramar FL 33027__
Date of Loss: __8/30/2011__   Type of Loss: __Fallen object__   Claim Number: __420383__

_X_ Re-Opened/Supplemental Claim    _X_ Non-Emergency Claim    ___ Emergency Claim

The claim includes Building/Structure, Contents, Additional Living Expenses (ALE), Loss of Rents and/or Loss of Business Income. I/We agree to pay, in consideration of said services, a contingency fee of __20__ % of any new monies received upon retention [*Emergency Claims shall be handled at a contingency rate of Ten-Percent (10%) for 1 year from the date of loss*]. Any additional expenses are separate and above my service fees. All additional expenses will have the approval of the Client and will be paid separate and directly to the provider by the Client, except where S.I.C.C. has expended on clients' behalf and shall therefore be entitled to direct reimbursement for same.

*Direction to Pay:* As security for payment of fees owed to S.I.C.C., I hereby assign to S.I.C.C. a security interest in the insurance policy referred to herein and the proceeds there from. *The policyholder hereby directs the insurance company to include Superior Insurance Claim Consultants, Inc. as an additional payee on any and all insurance settlement drafts*, and to comply with the payment instructions set forth herein, without any further act or authorization on the part of the Policy holder or of S.I.C.C..

*Cancellation:* This contract is subject to cancellation without penalty or obligation within __3__ business days after the date on which the contract is executed or within 3 business days after the date on which the insured or claimant has notified the insurer of the claim, by phone or in writing, whichever is later. Cancellations must be submitted in writing and sent by certified mail, return receipt requested, or other form of mailing which provides proof thereof, to the address specified at the top of this provided contract.

*Disputes:* Concerning any litigation or arbitration (including all appeals) arising out of this agreement, the Client agrees to be liable for any and all cost associated with the collection of payment should enforcement action be required regardless of prevailing party. This shall include, but not limited to, litigation including reasonable attorney fees and cost and all other costs associated with collections. Venue for litigation of any disputes under the terms of this contract shall be in Broward County, Florida, unless otherwise agreed to in writing by both parties.

S.I.C.C. agrees that it shall not agree to any settlement or adjustment without my prior consent.

Pursuant to s. 817.234, Florida Statutes, any person who, with the intent to injure, defraud, or deceive any insurer or insured, prepares, presents, or causes to be presented a proof of loss or estimate of cost or repair of damaged property in support of a claim under an insurance policy knowing that the proof of loss or estimate of claim or repairs contains any false, incomplete, or misleading information concerning any fact or thing material to the claim commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.803 or s. 775.084, Florida Statutes.

Dated, this __16__ day of __NOVEMBER__, 20__13__    Telephone: __954-937-1877__
Insured: _[signature]_    Insured: _____
Print Name: __Ricardo Munizaga__    Print Name: _____

Superior Insurance Claim Consultants
Adjuster: **MOISES GARCIA**    Date License No.: __E158218__

**EXHIBIT "B"**

**Erick Trivedi**
___

**From:** Erick Trivedi
**Sent:** Wednesday, October 8, 2014 5:38 PM
**To:** 'Krista Elsasser'
**Cc:** Kathy Suarez
**Subject:** RE: Munizaga v. Citizens

Dear Ms. Elsasser:

    This is to confirm the resolution of the above matter on October 8, 2014, with you. As per the settlement, please have the documents and drafts issued to indicate the payees as follows:

CLAIM {420383}: $13,000.00 payable RICARDO AND ELVLAMELY MUNIZAGA and SUPERIOR INSURANCE CLAIM CONSULTANTS, INC and The Morgan Law Group and CITIGROUP ISAOA ATIMA and $7,000.00 payable to The Morgan Law Group and RICARDO AND ELVLAMELY MUNIZAGA for attorneys' fees and costs associated with the matter.

For your records, our firm's tax identification number is: #26-4391597.

Thank you for your prompt attention to this matter. If you have any questions, or wish to discuss this matter further, please feel free to contact our office. I have copied Kathy Suarez for on this for your convenience.

Regards,
Erick Trivedi
Erick Trivedi, Esq.
**THE MORGAN LAW GROUP, P.A.**
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Ph: 305.569.9900
Fx: 305.443.6828

1