## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

RICARDO MUNIZAGA and
ELVIAMELY MUNIZAGA,

        Debtors.

_____/

Chapter 7

Case No. 14-13340-JKO

## CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR AN ORDER APPROVING CLAIM OBJECTIONS SETTLEMENT

**Pursuant to Local Rule 9013-1(D), any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

KENNETH A. WELT, as Chapter 7 Trustee (the "Trustee"), for the estate of Ricardo Munizaga and Elviamely Munizaga (together, the "Debtors"), moves for entry of an Order pursuant to Fed. R. Bankr. P. 9019 (the "Motion") approving a settlement agreement with Morgan Law, P.A. ("Morgan Law") and Superior Insurance Claim Consultants, Inc. ("Superior"). In support, the Trustee states:

### I.      INTRODUCTION AND JURISDICTION

1.      By this Motion, the Trustee respectfully requests an Order pursuant to Fed. R. Bankr. P. 9019 approving a settlement agreement with Morgan Law and Superior (the "Settlement"). The Settlement resolves the Trustee's objections to the secured claims of Morgan Law and Superior, reducing the amount of the claims and converting the claims to general unsecured claims, in exchange for an immediate distribution of such reconstituted and/or reduced claims.

2.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b).  This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (M) and (O).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## II.      BACKGROUND

### A.      General Background

4.      On February 12, 2014, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  Kenneth A. Welt was thereafter appointed as the Debtors' Chapter 7 Trustee.

5.      On April 2, 2014, the Trustee held and concluded the meeting of creditors pursuant to Section 341 of the Bankruptcy Code. The Trustee thereafter filed his Report of No Distribution, resulting in the discharge of the Debtor and the entry of a Final Decree and Discharge of the Trustee, and the Debtors' bankruptcy case was closed [ECF No. 42].

6.      The Trustee subsequently became aware of the existence of an undisclosed and unadministered asset.  Accordingly, on April 17, 2015, the Trustee filed a Motion to Reopen Case to Administer Additional Assets [ECF No. 43], and an Order Granting Motion to Reopen Case to Administer Additional Assets was entered on May 14, 2015 [ECF No. 48].

7.      The Trustee was then reappointed as the Debtor's Chapter 7 Trustee [ECF No. 51].

### B.      The Insurance Settlement

8.      On or about August 30, 2011, the Debtors suffered loss, damage and expenses at their real property located at 2248 SW 125th Ave, Pembroke Pines, FL 33027.

9.      The Debtors contacted their property insurer, Citizens Property Insurance Corp. ("Citizens"), and initiated Claim No. 42083 under Policy Number FRJH5355999-01-000 with respect to the Debtors' insured losses.

10.     On January 27, 2014, the Debtors filed a Complaint against Citizens regarding the insurance claim in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "State Court"), which was assigned Case No. CACE-14-001682 (the "State Court Proceedings").

11.     On or about October 8, 2014, the Debtors purported to settle the State Court Proceedings with Citizens.  Pursuant to the Settlement, Citizens agreed to make payment in the amount of $19,994 for settlement of all outstanding benefits owed and any and all attorneys fees and costs (the "Settlement Proceeds").

12.     Due to concerns over competing claims to the Settlement Proceeds, including potential claims by the Debtors' attorneys and mortgagees, Citizens obtained an order of the State Court authorizing it to deposit the Settlement Proceeds into the registry of the State Court.  Citizens deposited the Settlement Proceeds into the State Court registry on or about April 9, 2015.

13.     On September 28, 2015, this Court entered its Order determining that the Settlement Proceeds are property of the estate, and directing the turnover of the Settlement Proceeds.  *See* ECF No. 60.  The Settlement Proceeds have since been delivered to the Trustee and are in the Trustee's possession.

14.     On March 14, 2016, the Court entered its Order approving the Trustee's settlement of the Insurance Claim [ECF No. 73].  The Trustee has received the full Settlement Proceeds from the State Court in the amount of $19,994.

**C.     The Claims Objections**

15.     The deadline for filing claims in these re-opened proceedings was January 25, 2016 [ECF No. 63].

16.    On January 25, 2016, Morgan Law filed a secured claim in the amount of $7,000 [Claim 1-1] (the "Morgan Law Claim").

17.    Also on January 25, 2016, Superior filed a secured claim in the amount of $2,600 [Claim 2-1] (the "Superior Claim").

18.    No other creditor filed any other claim in the Debtors' bankruptcy estate, and Morgan Law and Superior are the only creditors in this case.

19.    The claims of each of Morgan Law and Superior are for services rendered to the Debtors in connection with the negotiation of the Debtors' settlement with Citizens.

20.    On April 26, 2016, the Trustee filed objections to the Morgan Law Claim and the Superior Claim [ECF Nos. 75 and 76] (the "Claim Objections").  On May 26, 2016, each of Morgan Law and Superior filed a response to the Claims Objections [ECF Nos. 77 and 78].

**D.    The Settlement Agreement**

21.    After engaging in good faith settlement negotiations, the parties agreed to the Settlement, as memorialized by the Settlement Agreement attached hereto as Exhibit A.

22.    Pursuant to the Settlement Agreement (i) the Morgan Law Claim will be reduced from $7,000 to $6,000 and converted to a general unsecured claim, (ii) the Superior Claim will be reduced from $2,600 to $2,000 and converted to a general unsecured claim, (iii) the Trustee will, with the Court's approval, make an immediate distribution to Morgan Law in the amount of $6,000 in full and final satisfaction of the Morgan Law Claim and (iv) the Trustee will, with the Court's approval, make an immediate distribution to Superior in the amount of $2,000 in full and final satisfaction of the Superior Claim.

### III.    RELIEF REQUESTED AND BASIS THEREFOR

### The Settlement Should Be Approved Pursuant to Fed. R. Bankr. P. 9019

23.    Bankruptcy Rule 9019(a) authorizes the Court, after notice and a hearing, to approve a compromise or settlement of a controversy.   The approval or rejection of a compromise or settlement is left to the sound discretion of the bankruptcy court, which should approve the settlement when it is fair and equitable and in the best interests of the estate.   In re Kay, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998).   There is a general policy that encourages settlements and favors compromises.   In re Bicoastal Corp., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (recognizing that the law favors compromise of disputes); see also Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996); Florida Trailer and Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960).   Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce.   In re Holywell Corp., 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988).

24.    Courts have relied on a number of factors in determining whether to approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a).   These factors include the following: (a) the probability of success in the litigation; (b) difficulties, if any, to be encountered in matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets); and (d) the paramount interests of the creditors and a proper deference to their reasonable views.   In re Justice Oaks, II, Ltd., 898 F.2d. 1544, 1549 (11th Cir. 1990), cert. denied sub nom., Wallace v. Justice Oaks, II, Ltd., 498 U.S. 959 (1990); Kay, 223 B.R. at 820; see also 9 Collier on Bankruptcy ¶ 019.03[1] (15th ed. 1993) (noting that the settlement process "requires a bankruptcy judge to assess and balance the value

of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal").

25.     The Trustee respectfully submits that application of the <u>Justice Oaks</u> factors to the facts here establishes that the Settlement clearly warrants approval pursuant to Bankruptcy Rule 9019(a).

26.     First, it appears that there is a substantial likelihood that the Morgan Law Claim and the Superior Claim could be allowed in full as secured claims.  Morgan Law and Superior each assert charging liens against the Settlement Proceeds from the insurance claim, and the Trustee cannot dispute that each of Morgan Law and Superior provided services to the Debtors which resulted in the Settlement Proceeds coming into the estate.  The Trustee disputes the amount and priority of the Morgan Law Claim and the Superior Claim due to the undisclosed nature of the insurance settlement, and the Settlement avoids protracted litigation on that issue.

27.     Second, any litigation of the Morgan Law Claim and the Superior Claim would have prohibitively increased administrative expenses relative to the agreed upon amounts of such claims.

28.     Finally, the paramount interests of creditors are served by approving the Settlement.  Morgan Law and Superior are the only non-administrative creditors of the estate. The reduction of their claims and the conversion to general unsecured claims without litigation in exchange for an immediate distribution serves the creditors interests of expediting payment while also serving the Trustee's interest in preserving the estate.  The approval of the Settlement will satisfy all of the non-administrative claims in this case, and permit the Trustee to complete this case in a reasonable time.

29.     For all these reasons and authorities, the Trustee respectfully submits that the standards established by <u>Justice Oaks</u> have been satisfied, that the terms of the Settlement are fair and equitable, and that the Settlement should be approved.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit B** (i) granting this Motion and approving the Settlement and (ii) granting such other and further relief as this Court deems just and proper.

Dated: December 15, 2016.

Respectfully Submitted,

GENOVESE JOBLOVE & BATTISTA, P.A.
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By:  ___/s/ Michael L. Schuster_____
     Michael L. Schuster, Esq.
     Florida Bar No. 57119
     mschuster@gjb-law.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 15, 2016, the foregoing document and Exhibits A  and B thereto were served via CM/ECF or US Mail, postage pre-paid as indicated on the below service list.

/s/  Michael L. Schuster_____
     Michael L. Schuster

7

## SERVICE LIST

**VIA CM/ECF**

Stefan Beuge, Esq. on behalf of Creditor CitiMortgage Inc., successor by merger to ABN Amro Mortgage Group, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Stefan Beuge, Esq. on behalf of Creditor CitiMortgage, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Ali I Gilson on behalf of Creditor CitiMortgage, Inc.
flsd.bankruptcy@phelanhallinan.com, Stefan.Beuge@phelanhallinan.com

Glenn D Moses, Esq on behalf of Trustee Kenneth A Welt
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robert Sanchez, Esq on behalf of Debtor Ricardo Munizaga
court@bankruptcyclinic.com, courtECFmail@gmail.com

Robert Sanchez, Esq on behalf of Joint Debtor Elviamely Munizaga
court@bankruptcyclinic.com, courtECFmail@gmail.com

Michael L Schuster on behalf of Trustee Kenneth A Welt
mschuster@gjb-law.com, gjbecf@gjb-law.com;mchang@gjb-law.com;scomer@gjb-law.com;ekelly@gjb-law.com

Christian Somodevilla on behalf of Creditor Superior Insurnace Claim Consultants, Inc.
cs@lsaslaw.com, info@lsaslaw.com;aslawpllc@ecf.inforuptcy.com

Christian Somodevilla on behalf of Creditor The Morgan Law Group, P.A.
cs@lsaslaw.com, info@lsaslaw.com;aslawpllc@ecf.inforuptcy.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

**VIA U.S. MAIL**

To all parties listed on the mailing matrix attached hereto as **Exhibit C.**

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

RICARDO MUNIZAGA and                        CASE NO. 14-13340-JKO
ELVIAMELY MINUZIAGA,
                                             Chapter 7

          Debtors.
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release (hereinafter the "Settlement Agreement") is made this 27th day of October, 2016, and is entered into by and between Kenneth A. Welt, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for the estate of Ricardo Munizaga and Elviamely Munizaga, Case No. 14-13340-JKO; (ii) The Morgan Law Group PA ("Morgan Law") and (iii) Superior Insurance Claim Consultants, Inc. ("Superior") (the Trustee, Morgan Law and Superior shall sometimes collectively be referred to herein as the "Parties" or separately as a "Party").

WHEREAS, on February 12, 2014, Ricardo Munizaga and Elviamely Munizaga (the "Debtors") filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code;

WHEREAS, Kenneth A. Welt (the "Trustee") was subsequently appointed as the Chapter 7 Trustee;

WHEREAS, on June 18, 2014, the Debtors each received a discharge under 11 U.S.C. § 727;

WHEREAS, on July 24, 2014, the Court entered its Final Decree and closed the Debtors' bankruptcy case;

WHEREAS, the Trustee subsequently learned that the Debtors' did not disclose an

insurance claim which was property of their bankruptcy estate;

WHEREAS, on May 14, 2015, the Court entered its Order reopening the Debtors' bankruptcy case for the purpose of allowing the Trustee to administer the insurance claim;

WHEREAS, on March 14, 2016, the Court entered its Order approving the Trustee's compromise of the insurance claim;

WHEREAS, the Trustee received $19,994.00 as the proceeds of the insurance claim;

WHEREAS, the deadline for the filing of proofs of claim in the Debtors' bankruptcy case was January 25, 2016;

WHEREAS, on January 25, 2016, Morgan Law filed a secured claim in the amount of $7,000 [Claim 1-1] (the "Morgan Law Claim");

WHEREAS, on January 25, 2016, Superior filed a secured claim in the amount of $2,600 [Claim 2-1] (the "Superior Claim");

WHEREAS, no other creditor filed any other claim in the Debtors' bankruptcy estate, and Morgan Law and Superior are the only creditors in this case;

WHEREAS, on April 26, 2016, the Trustee filed objections to the Morgan Law Claim and the Superior Claim (the "Claim Objections");

WHEREAS, the parties have engaged in good faith settlement negotiations, and as a result of those negotiations, have agreed to compromise and settle the Claim Objections as set forth herein;

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:

1.      Recitals Incorporated. The recitals and prefatory phrases and paragraphs set forth above are true, accurate and correct, and are incorporated in full and made a part of this Settlement Agreement.

[11452-001/2632333/1]

2.      Allowance of Claims.  The Parties agree that the Morgan Law Claim shall be converted to a general unsecured claim in the amount of $6,000 and allowed in that amount.  The Parties further agree that the Superior Claim shall be converted to a general unsecured claim in the amount of $2,000 and allowed in that amount.

3.      Immediate Payment.  In seeking approval of this Settlement Agreement, the Trustee agrees to seek authority to make an immediate distribution to Morgan Law in the amount of $6,000 and to Superior in the amount of $2,000, in full and final satisfaction of the Morgan Law Claim and the Superior Claim, respectively.

4.      Cancellation of Hearing.  The Parties agree that upon the filing of a motion to approve this Settlement Agreement pursuant to Fed. R. Bankr. P. 9019, the Trustee may file an agreed *ex parte* motion to cancel any hearing set on the Claims Objections pending approval of such Rule 9019 motion.

5.      Bankruptcy Court Approval Required.  This Settlement Agreement shall be subject in all respects to Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 9019.  If the Bankruptcy Court does not approve this Settlement Agreement, it shall be null, void and of no further force and effect, and the Trustee shall return all of the Settlement Amount previously received.

6.      Attorneys' Fees and Costs.  Each Party shall bear his or its own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement.

7.      Notices.  All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

        a.      Trustee:    Michael L. Schuster, Esq.
                            mschuster@gjb-law.com
                            Genovese Joblove & Battista, P.A.
                            100 S.E. Second Street, 44th Floor
                            Miami, Florida 33131
                            Tel: (305) 349-2300
                            Fax: (305) 349-2310

[11452-001/2632333/1]

*Counsel for the Trustee*

b. <u>Morgan Law<br>and Superior</u>   Christian Somodevilla, Esq.<br>cs@lsaslaw.com<br>Leiderman, Shelomith, Alexander + Somodevilla<br>One Biscayne Tower<br>2 South Biscayne Blvd., Suite 2300<br>Miami, Florida 33131<br>Telephone (305) 894-6163<br>*Counsel for Morgan Law and Superior*

8. <u>Binding Effect.</u> This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, including, but not limited to, any successor trustee of the Debtors' bankruptcy estates (or any successor trustee appointed by the Bankruptcy Court) or the Debtors' bankruptcy estates.

9. <u>Entire Agreement.</u> This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

10. <u>Amendments.</u> No waiver, modification or amendment of the terms of this Settlement Agreement shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

11. <u>Counter-Parts.</u> The Parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument. Signatures transmitted electronically or by facsimile shall have the same effect as original signatures.

[11452-001/2632333/1]

12.    Choice of Law.  This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.

13.    Neutral Interpretation.  In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

14.    Authority.  Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Settlement Agreement.

15.    Illegality.  If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

16.    Advice of Counsel.  The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon

[11452-001/2632333/1]

the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

17.    Acknowledgement. This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

18.    Divisions and Headings. The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed as of the date shown above.

Morgan Law Group, P.A.

By _____

Name: Daniel Lopez

Title: Attorney - At - Law

Superior Insurance Claim Consultants, Inc.

By _____

Name: Moises Garcia

Title: President

_____
Michael L. Schuster, Esq, counsel to Kenneth A. Welt, Chapter 7 Trustee

[11452-001/2632333/1]

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

                                         Chapter 7

RICARDO MUNIZAGA and
ELVIAMELY MUNIZAGA,                     Case No. 14-13340-JKO

           Debtors.
_____/

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FED. R.**
**BANKR. P. 9019 FOR AN ORDER APPROVING CLAIM OBJECTIONS SETTLEMENT**

THIS MATTER having come before the Court upon the Motion [ECF No. ___] (the

"Motion") by Trustee, Kenneth A. Welt (the "Trustee"), for entry of an Order pursuant to Fed. R.

Bankr. P. 9019 approving a an insurance settlement agreement (the "Settlement") with Morgan

Law, P.A. ("Morgan Law") and Superior Insurance Claim Consultants, Inc. ("Superior"); and it

appearing that good and sufficient notice of the Motion has been provided to all parties-in-

interest as evidenced by the Certificate of Service annexed to the Motion and filed with the Court; and the Court, having considered the Motion and the record in this case; having considered all relevant factors, including, but not limited to, (a) the probability of success in the litigation; (b) difficulties, if any, to be encountered in matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets); and (d) the paramount interests of the creditors and a proper deference to their reasonable views; and having determined that the relief requested in the Motion is in the best interests of the Debtor's estate; and other good cause having been shown,

IT IS ORDERED AND ADJUDGED as follows:

1.     Pursuant to Fed. R. Bankr. P. 9019, the Motion is GRANTED and the Settlement is APPROVED in all respects.

2.     Claim 1-1 filed by Morgan Law is ALLOWED as a general unsecured claim in the amount of $6,000.

3.     Claim 2-1 filed by Superior is ALLOWED as a general unsecured claim in the amount of $2,000.

4.     The Trustee is authorized to make an immediate distribution to Morgan Law in the amount of $6,000 in full and final satisfaction of Claim 1-1.

5.     The Trustee is authorized to make an immediate distribution to Superior in the amount of $2,000 in full and final satisfaction of Claim 2-1.

6.     This Order shall be effective immediately upon its entry.

###

Submitted by:

Michael L. Schuster, Esq.
Genovese Joblove & Battista, P.A.
Miami Tower
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Tel. (305) 349-2300
Fax (305) 349-2310
E-mail:  mschuster@gjb-law.com

(Attorney Schuster shall serve a copy of this Order upon interested parties)

**EXHIBIT C**

Label Matrix for local noticing
113C-0
Case 14-13340-JKO
Southern District of Florida
Fort Lauderdale
Thu Dec 15 10:06:35 EST 2016

CitiMortgage Inc., successor by merger to AB
c/o Stefan Beuge, Esq.
2727  W Cypress Creek Road
Fort Lauderdale, FL 33309-1721

CitiMortgage, Inc.
c/o Jourdn D'Arlee Neal
6 Nashua Court, Suite D
Baltimore, MD 21221-3124

Abn Amro Mortgage Grou
Po Box 9438
Gaithersburg, MD 20898-9438

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

Amex
P.O. Box 297871
Fort Lauderdale, FL 33329-7871

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank Of America, N.A.
201 N Tryon St
Charlotte, NC 28202-2146

Bank of America
c/o Blank Rome LLP
Monika Siwiec, Esq.
1200 N Federal Highway #312
Boca Raton, FL 33432-2846

Bank of America
c/o Drew Eckl & Farnham, LLP
POB 7600
Atlanta, GA 30357-0600

Barclays Bank Delaware
125 S West St
Wilmington, DE 19801-5014

Chase
Po Box 15298
Wilmington, DE 19850-5298

Chase
Po Box 24696
Columbus, OH 43224-0696

Citimortgage Inc
Po Box 9438
Gaithersburg, MD 20898-9438

Citimortgage, Inc.
c/o Phelan Hallinan PLC
2727 W Cypress Creek Road
Fort Lauderdale, FL 33309-1721

Credit Management Lp
4200 International Pkwy
Carrollton, TX 75007-1912

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

Diversified Consultant
10550 Deerwood Park Blvd
Jacksonville, FL 32256-0596

Drew Eckl & Farnham, LLP
POB 7600
Atlanta, GA 30357-0600

Gecrb/Brandsmart
Po Box 981439
El Paso, TX 79998-1439

Gecrb/City Furniture
Po Box 981439
El Paso, TX 79998-1439

Gecrb/Jcp
Po Box 984100
El Paso, TX 79998

Hsbc/Bsbuy
Po Box 5253
Carol Stream, IL 60197-5253

I C System Inc
Po Box 64378
Saint Paul, MN 55164-0378

Mcydsnb
9111 Duke Blvd
Mason, OH 45040-8999

Melrose Homes II at Monarch Lakes HOA
c/o The Frydman Law Group, PLLC
100 S Pine Island Road
Suite 120
Plantation, FL 33324-2675

Monarch Lakes Property Owners Assoc
c/o Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL 33312-6566

Netbnki/Sst
4315 Pickett Rd
Saint Joseph, MO 64503-1600

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Rbs Citizens Na
1000 Lafayette Blvd
Bridgeport, CT 06604-4725

Sallie Mae
1002 Arthur Drive  Po#  Smi-0000013
Lynn Haven, FL 32444-1683

Superior Insurance Claim Consultants, Inc
c/o Christian Somodevilla, Esq.
2 S. Biscayne Blvd., Suite 2300
Miami, FL 33131-1803

The Morgan Law Group, P.A.
c/o Christian Somodevilla, Esq.
2 S. Biscayne Blvd., Suite 2300
Miami, FL 33131-1803

(p)TROPICAL FINANCIAL CREDIT UNION
3050 CORPORATE WAY
MIRAMAR FL 33025-6548

Vw Credit Inc
1401 Franklin Blvd
Libertyville, IL 60048-4460

Wells Fargo Bank
711 W Broadway Rd
Tempe, AZ 85282-1218

World Omni
Po Box 91614
Mobile, AL 36691-1614

Elviamely Munizaga
2248 SW 125th Avenue
Miramar, FL 33027-2635

Kenneth A Welt
1776 N. Pine Island Rd #101
Plantation, FL 33322-5200

Ricardo Munizaga
2248 SW 125th Avenue
Miramar, FL 33027-2635

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance
Po Box 1027
Alpharetta, GA 30009

Bank Of America
4161 Piedmont Pkwy
Greensboro, NC 27410

(d)Bank Of America
Po Box 982235
El Paso, TX 79998

Tropical Financial Cu
3050 Corporate Way
Miramar, FL 33025

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Superior Insurnace Claim Consultants, Inc.

(u)The Morgan Law Group, P.A.

(d)Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

End of Label Matrix
Mailable recipients    40
Bypassed recipients     3
Total                  43